```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| RHONDA L. HARRIS,<br><br>　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>THE YONKERS DEPARTMENT OF SOCIAL SERVICES/OTDA/OAH,<br><br>　　　　　　　Defendants. | 19-CV-4626 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

　　　Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed a complaint alleging that Defendants violated her rights. By order dated May 24, 2019, the Court: (1) dismissed Plaintiff's due process claim that Defendants improperly denied her benefits, for failure to state a claim; (2) dismissed Plaintiff's claim that she was illegally evicted, as barred by the *Rooker-Feldman* doctrine; (3) granted Plaintiff leave to replead to allege any facts supporting her claim under the Fair Housing Act (FHA) — that Defendants discriminated against her and her children, or retaliated against them, on the basis of their disabilities; and (4) denied without prejudice Plaintiff's request for injunctive relief.

　　　On May 28, 2019, Plaintiff filed another request for injunctive relief. *See* ECF No. 8. On June 21, 2019, Plaintiff filed a letter requesting permission to "submit [an] email which consist[s] of an audio recording to substantiate the unequal treatment from the OAH/Due Process continuously denied." *See* ECF No. 9.

　　　On June 21, 2019, Plaintiff filed two new actions in this Court, both of which repeated many of the allegations contained in her complaint in this action. *See Harris v. The Yonkers/White Plains Dep't of Soc. Servs.*, ECF 1:19-CV-5969, 3 (S.D.N.Y. July 24, 2019)

(dismissing action as duplicative); *Harris v. The Yonkers/White Plains Dep't of Soc. Servs.*, ECF 1:19-CV-5968, 3 (S.D.N.Y. July 18, 2019) (same).

Plaintiff filed an amended complaint on June 27, 2019, *see* ECF No. 10, and on June 28, 2019, she filed a letter titled, "Emergency Reconsideration & Emergency Request of Monetary Injunctive Relief," *see* ECF No. 11.

The Court has reviewed Plaintiff's amended complaint and all the other documents submitted by Plaintiff. In all of the documents, Plaintiff reiterates many of the same allegations contained in her original submission and she continues to express her dissatisfaction with Defendants' handling of her housing issues. She repeats the allegations that she and her children are disabled, but, as in her original complaint, she does not allege facts suggesting that any Defendant discriminated against her and her children, or retaliated against them, on the basis of their disabilities.

Because Plaintiff does not allege that their disabilities were the bases for Defendants' conduct, Plaintiff's sole remaining claim under the FHA is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's request for injunctive relief (ECF No. 8), her request for permission to "submit [an] email which consist[s] of an audio recording to substantiate the unequal treatment from the OAH/Due Process continuously denied" (ECF No. 9), and her request for reconsideration of the Court's May 24, 2019 denial of her request for injunctive relief (ECF No. 11) are denied as moot.

## WARNING

In light of Plaintiff's litigation history, Plaintiff is warned that should she persist in filing complaints that are determined to be duplicative, frivolous, or otherwise lacking in merit, the Court will order her to show cause, under 28 U.S.C. § 1651, why she should not be barred from filing new actions IFP without prior permission from the Court.

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[1]

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's request for injunctive relief (ECF No. 8), her request for permission to "submit [an] email which consist[s] of an audio recording to substantiate the unequal treatment from the OAH/Due Process continuously denied," (ECF No. 9), and her request for reconsideration of the Court's May 24, 2019 denial of her request for injunctive relief (ECF No. 11) are denied as moot.

Plaintiff is warned that should she persist in filing complaints that are determined to be duplicative, frivolous, or otherwise lacking in merit, the Court will order her to show cause, under 28 U.S.C. § 1651, why she should not be barred from filing new actions IFP without prior permission from the Court.

SO ORDERED.

Dated: January 10, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[1] Plaintiff has consented to receive electronic service of notices and documents in this case. (ECF No. 7.)